116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SATO DISTRIBUTING COMPANY, INC., Debtor.
SATO DISTRIBUTING COMPANY, INC., Appellant,
v.
STATE BOARD OF EQUALIZATION, Appellee.
 No. 96-55157.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1997.**
Decided June 5, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, No. CC-95-01430-OVJ; Ollason, Volinn, and Jones, Judges, Presiding.
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sato Distributing Company, Inc. appeals from an order of the Bankruptcy Appellate Panel reversing and remanding an order of the Bankruptcy Court that disallowed the Board of Equalization's bankruptcy claim against Sato. The BAP agreed with the Bankruptcy Court that the Board's proof of claim was not entitled to a presumption of validity because it was not properly supported under Bankruptcy Rule 3001(c), but the BAP held that the Bankruptcy Court abused its discretion by denying the Board leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the BAP on different grounds.
 
 
 3
 After the BAP's decision in this case, we held that a timely filed claim by a taxing entity need not be accompanied by supporting documents in order to enjoy prima facie validity under Bankruptcy Rule 3001(f). State Bd. of Equalization v. Los Angeles Intern. Airport Hotel Assoc. (In re Los Angeles Intern. Airport Hotel Assoc.), 106 F.3d 1479, 1480 (9th Cir.1997). "Simply put, no writing is required to create tax liability, and Rule 3001(c) does not apply to claims for such debt." Id. This case is more complicated than L.A. International in that here, the Bankruptcy Court nominally based its ruling on the overall sufficiency of the evidence, rather than on the Board's failure to make a prima facie case. Ultimately, however, the Bankruptcy Court must have determined that the Board's proof of claim wasn't presumptively valid.
 
 
 4
 The court rejected Sato's legal arguments that it wasn't liable; and Sato's own objections to the Board's claim assumed that the actual amount of the tax bill was greater than zero. Therefore, the sole basis on which the Bankruptcy Court could have denied the Board's claim in its entirety was that it believed the proof of claim wasn't validly filed. As we now know that the claim was presumptively valid without supporting evidence, we affirm the BAP and return the case to the Bankruptcy Court for a determination whether the Board can meet its burden to rebut Sato's specific objections that the taxes have been miscalculated.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3